# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**IN RE: LINDA J. NOFZIGER**
**Bankruptcy Case No. 6:04-Bk-9253-KSJ**

---

**MITCHEL KALMANSON,**

                **Appellant,**

**-vs-**                              **Case No. 6:06-cv-1063-Orl-31KRS**

**LINDA J. NOFZIGER,**

                **Appellee.**

---

## ORDER

This matter comes before the Court on the Motion for Leave to Appeal Non-Final Order (Doc. 2) filed by the Appellant, Mitchel Kalmanson ("Kalmanson"), and the Response (Doc. 3) filed by the Appellee, Linda Nofziger ("Nofziger"). Kalmanson seeks leave to appeal an order (Doc. 1-3) partially granting a motion for sanctions pertaining to disclosure of Nofziger's previous identity.

District courts may hear appeals from interlocutory orders and decrees of the bankruptcy court. 28 U.S.C. § 158(a)(3). In determining whether to permit leave to appeal from such interlocutory orders, district courts have generally applied the three-part test found in 28 U.S.C. § 1292(b), which governs appeals of interlocutory orders from the district court to the courts of appeals. *See*, *e.g.*, *Americare Health Group, Inc. v. Melillo*, 223 B.R. 70, 73-74 (E.D.N.Y. 1998). "Thus, leave to appeal from an interlocutory order of the bankruptcy court will be granted only when the order at issue involves "a controlling question of law as to which there is substantial

ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.* at 74 (quoting *In re Aquatic Dev. Group, Inc.*, 196 B.R. 666, 669 (N.D.N.Y. 1996)).

In the instant case, Kalmanson recites that the finding of contempt "has implications" for a pending hearing to determine the amount of sanctions, as well as ongoing litigation regarding the debtor's discharge and related state court litigation. (Doc. 2 at 4). Kalmanson also states, without explanation, that a ruling by this Court on the finding of contempt "will materially advance termination of the litigation." (Doc. 2 at 4). While accepting that an immediate appellate decision regarding the finding of contempt would likely have "implications" for the litigation before the Bankruptcy Court and in state court, this Court finds that this is not sufficient to justify an interlocutory appeal. Were the standard set so low, nearly every decision of the bankruptcy courts would be subject to interlocutory appeal due to their impact on the ongoing proceedings. Moreover, the Court sees no way in which a decision on this issue is likely to materially advance the conclusion of the litigation.

In consideration of the foregoing, it is hereby **ORDERED** and **ADJUDGED** that the Motion for Leave to Appeal Non-Final Order (Doc. 2) is **DENIED**. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 27, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE